IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jodi S.,[1] | Case No.: 1:22-cv-4205-JD-SVH |
| Plaintiff, | |
| vs. | **ORDER** |
| Kilolo Kijakazi, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges ("Report and Recommendation" or "Report"), pursuant to Local Civil Rule 83.VII.02 of the District of South Carolina. Plaintiff Jodie S. ("Plaintiff") brings this action pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g) and 1383(c)(3), as amended, seeking judicial review of the final decision of the Defendant Kilolo Kijakazi, Acting Commissioner of Social Security Administration ("Commissioner"), denying Plaintiff's claim for Disability Insurance Benefits ("DIB").

Plaintiff applied for DIB on April 28, 2019, alleging a disability onset beginning March 20, 2019. (DE 7-5, pp. 204-07.) The application was denied initially and on reconsideration by the Social Security Administration. (DE 7-4, pp. 94-97.) The Administrative Law Judge ("ALJ") issued an unfavorable decision on May 31, 2022, finding that Plaintiff was not disabled within the meaning of the Social Security Act ("Act"). (DE 7-2, pp. 12-37.) Plaintiff sought review of the ALJ's decision, which the Appeals Council denied on October 13, 2022, making the ALJ's

---

[1]     The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

1

decision the Commissioner's final decision. (DE 7-2, pp. 1-6.) Plaintiff filed a Complaint seeking judicial review of that decision on November 22, 2022. (DE 1.)

The Magistrate Judge issued the Report and Recommendation on August 24, 2023, recommending that the Commissioner's decision be reversed and remanded. (DE 13.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(l). However, *de novo* review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the report and recommendation only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.").

Neither party filed an objection to the Report and Recommendation. Upon review of the Report and the record in this case, the Court finds that there is no clear error on the face of the record, adopts the Report and Recommendation, and incorporates it herein by reference, and it is hereby **ORDERED** that the Commissioner's decision is **REVERSED** and **REMANDED** for further administrative proceedings.

**AND IT IS SO ORDERED.**

                                                            Joseph Dawson, III
                                                            United States District Judge

Florence, South Carolina
October 18, 2023

3